**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| CALVIN GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO. |
| | ) | |
| THE WATERSHED TREATMENT | ) | |
| PROGRAMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ________________________________ | / | |

**COMPLAINT**

COMES NOW, the Plaintiff, CALVIN GRAHAM (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues THE WATERSHED TREATMENT PROGRAMS, INC. (hereinafter collectively referred to as "Defendant"), and alleges:

JURISDICTION AND VENUE

1. This is an action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2. Jurisdiction is conferred upon this Court pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b).

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

PARTIES

4. Plaintiff, CALVIN GRAHAM, was an employee of the Defendant, during the three (3) years before the date on which this Complaint was filed, and worked for the Defendant at their office location in Delray Beach Florida and in the surrounding areas of this District.

5. Defendant, THE WATERSHED TREATMENT PROGRAMS, INC. is a Florida Limited Liability Company duly licensed and organized under the laws of the State of Florida and is engaged in the business of providing specialized medical/psychiatric care for patients that experience symptomatology associated with drug addiction and other medical conditions.

6. As part of their treatment services, Defendant, THE WATERSHED TREATMENT PROGRAMS, INC. offers counseling or other psychological/rehabilitative services, including hospitalization.

7. Defendant, THE WATERSHED TREATMENT PROGRAMS, INC. has a treatment facility located in Delray Beach, Florida.

8. Defendant, THE WATERSHED TREATMENT PROGRAMS, INC. operates a treatment hospital in Delray Beach, Florida.

FACTUAL ALLEGATIONS

9. The Defendant, THE WATERSHED TREATMENT PROGRAMS, INC. (hereinafter "WATERSHED"), is an employer and enterprise engaged in interstate commerce.

10. The Defendant, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with

foreign corporations which are part of interstate commerce, by purchasing equipment, products, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, by operating a hospital, and by transacting business across state lines, all of which are part of interstate commerce.

11. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. The Defendant's operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendant constitute a single and/or joint employer under the law.

13. The Defendant, WATERSHED, has annual revenue of at least five hundred thousand dollars ($500,000.00).

14. Defendant supervises the operations of its facility including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

15. Defendant, WATERSHED, at all times material, is an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. The Plaintiff is, at all times material, an "employee" of the Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

17. The Defendant is the Plaintiff's employer.

18. The Defendant hired the Plaintiff, CALVIN GRAHAM, in or about December 2013 to work for the Defendant as a Counselor at the Defendant' Delray Beach location.

19. The Plaintiff's primary duties included treating patients and providing counseling services. These tasks were performed by the Plaintiff during each workweek he was employed by the Defendant.

20. The Defendant controlled the Plaintiff's day to day activities, supervised, or had operational control over the Plaintiff.

21. At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendant was responsible for hiring the Plaintiff, had the ability to terminate the Plaintiff, set the Plaintiff's rate of pay, determined if overtime was to be paid, set the Plaintiff's work schedule including the number of days and hours worked, assigned the Plaintiff's work duties, and supervised the Plaintiff.

22. The Defendant had operational control over the Plaintiff.

23. The Defendant failed to pay the Plaintiff for each and every hour the Plaintiff worked for the Defendant.

24. The Defendant permitted the Plaintiff to work for them but did not pay him for all work that he performed for the Defendant.

25. The Plaintiff was an hourly employee.

26. On average, the Plaintiff between forty (40) hours and fifty (50) hours a week while employed with the Defendant.

27. The Plaintiff was not paid properly for all hours worked.

28. The FLSA mandates that an employer pay an employee at least the minimum wage for each hour worked.

29. The Plaintiff regularly worked for the Defendant but was not paid at least the Federal Minimum Wage, for each hour worked as required by the FLSA.

30. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

31. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employees receive compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times (1 ½) the regular rate of pay.

32. The Plaintiff was a “non-exempt” employee of the Defendant.

33. The Plaintiff regularly worked over forty (40) hours per week for the Defendant and was not paid one and one-half (1 ½) times his regularly rate of pay for all hours that he worked over forty (40) hours in a work week.

34. The Defendant was aware that the Plaintiff worked in excess of forty (40) hours in a work week.

35. Plaintiff was not paid overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

36. Specifically, the Plaintiff worked overtime for the Defendant on at least 2 occasions in 2016, but the Defendant has failed and or refused to pay the Defendant the overtime

compensation for which he is owed. Defendant knew and was aware that Plaintiff had worked more than forty (40) hours in said work weeks in 2016 without overtime compensation.

37. Plaintiff was entitled to be paid at a rate of one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in said work weeks.

38. Defendant failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work week.

39. All records concerning the hours worked by the Plaintiff are in the possession and custody and control of the Defendant. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

40. The Defendant managed the work that the Plaintiff performed, the hours worked, and dictated, controlled, and ratified compensation policies that applied to the Plaintiff.

41. The Defendant's actions in failing and/or refusing to pay the Plaintiff the applicable minimum wage or overtime compensation, as required by the FLSA, was willful and not in good faith.

42. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## COUNT I – FAILURE TO PAY MINIMUM WAGE

43. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

44. The Plaintiff is an employee within the meaning of the FLSA.

45. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

46. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

47. The Plaintiff worked for the Defendant at their Delray Beach, Florida location.

48. Defendant failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA on at least two occasions in 2016.

49. The Defendant was aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

50. The Defendant knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

51. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

52. Because of Defendant' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

53. As a result of the unlawful acts of Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendant violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay minimum wages, as required by the FLSA, to Plaintiff;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

## COUNT II – FAILURE TO PAY OVERTIME

54. Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

55. The Plaintiff is an employee within the meaning of the FLSA.

56. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

57. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty hours, unless such employee receives

compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

58. The Plaintiff worked for the Defendant at their Delray Beach, Florida facility from approximately December 2013 to March 2016.

59. During his time as an employee of the Defendant, the Plaintiff worked as and performed the essential duties of, but not limited to, a Counselor for the Defendant at WATERSHED.

60. On at least two (2) occasions in 2016, the Defendant employed Plaintiff in excess of forty (40) hours in each work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty in a work week as required by the FLSA, and thus has violated the Plaintiff's rights under § 207 of the FLSA.

61. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

62. As a consequence of the Defendant' violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times her regular rate of pay for all hours he worked in excess of 40 hours for each week she was employed by the Defendant and for which he was not paid one and one half (1 ½) times her regular rate.

63. The actions of the Defendant complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

64. The Defendant was aware the Plaintiff worked in excess of forty (40) hours in at least two (2) workweeks and was not paid overtime.

65. The Defendant failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week in at least these two (2) weeks.

66. Because of Defendant' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

67. As a result of the unlawful acts of the Defendant, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendant on the basis of Defendant' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendant violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendant from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

G. Plaintiff demands a trial by jury.

COUNT III – BREACH OF CONTRACT

68. This is also an action to recover damages for a breach of the Plaintiff's employment agreement/contract.

69. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty-eight (38) above as if fully set forth herein.

70. In or about December 2013, the Plaintiff entered into an employment contract with the Defendant to work for them as, but not limited to, a Counselor.

71. During his time as an employee of the Defendant, the Plaintiff worked as and performed the essential duties of his job.

72. Based on the employment contract entered into between the Plaintiff and the Defendant, the Defendant agreed to pay the Plaintiff additional monies if he held/conducted group counseling sessions on the weekends.

73. In or about February or March 2016, the plaintiff held weekend counseling sessions on at least two weekends and was entitled to additional compensation. However, the defendant has failed and refused to pay the plaintiff for this additional compensation. The plaintiff brought this matter to the Defendant's attention, but they still refuse to pay the plaintiff the wages for which he is entitled for these counseling sessions.

74. Additionally, as part of the plaintiff's employment contract which was offered in December 2013, the plaintiff would receive annual vacation or PTO days which could be used by the plaintiff for paid time off. Per the agreement between the plaintiff and defendant, if the

plaintiff left the Defendant's employment, and provided the defendant with at least two week notice of his resignation, then he would be paid for any accrued vacation or PTO.

75. In or about February or March 2016, the plaintiff turned in his two week notice to the defendant.

76. The defendant accepted the plaintiff's resignation but advised the plaintiff that it was not necessary for him to work an additional two weeks.

77. Specifically, the defendant refused to allow the plaintiff to work the additional two weeks once he turned in his resignation.

78. At the time of the plaintiff turned in his resignation, he had approximate 180 hours of PTO/vacation available.

79. At the time of the plaintiff's resignation, he made approximately $19.81 per hour.

80. The plaintiff satisfied all conditions precedent to receive a lump sum payout of his accrued vacation/PTO.

81. However, the defendant has failed in a refused to pay the plaintiff for his acute vacation/PTO.

82. The plaintiff is entitled to payment of his accrued vacation/PTO as this was part of his employee benefit package and was a basis for the plaintiff agreed to work for the defendant.

83. The Defendant is in control of paying out any and all accrued vacation days upon an employee's separation from employment.

84. By definition, the vacation hours/days accrued by the Plaintiff are "wages," as they were provided as compensation for services rendered and time worked by the Plaintiff to/for the Defendant.

85. The Plaintiff performed his obligations and duties under the employment contract (hereinafter "contract"); all conditions precedent under the contract have been satisfied.

86. The Defendant has failed to properly compensate the Plaintiff as agreed upon under the terms of the contract.

87. Specifically, the Defendant failed to pay the Plaintiff for all weekend counseling sessions and failed to pay Plaintiff his accrued and unused vacation hours/PTO pursuant to the contract.

88. At all times relevant, the Plaintiff was in full compliance of the contract and did not breach the contract with the Defendant.

89. As a result of the Defendant' breach, the Plaintiff has suffered damages and has been deprived of money owed in an amount to be determined at trial, and is entitled to recovery of such amounts.

90. As a result of the Defendant' failure to pay the Plaintiff, the Plaintiff has been harmed and has obtained legal representation and filed the instant action.

91. Because of the Defendant' actions, the Plaintiff has retained counsel, and pursuant to Section 448, Florida Statutes, the Plaintiff is entitled to the cost of this action plus reasonable attorneys' fees.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Declare that the Defendant breached the employment contract with the Plaintiff;

B. Award the Plaintiff the amounts of unpaid wages for counseling sessions;

C. Award the Plaintiff the amounts of unpaid vacation hours/days claimed herein;

D. Award any and all damages that flowed from this material breach, subject to be proven at trial;

E. Award the Plaintiff attorney's fees and costs of Court;

F. Award pre-judgment interest;

G. Order such further relief as is equitable, just, and this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

DATED this 7th day of April, 2016.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Trial Counsel for Plaintiff*